CRAIG (MILLARD v.).  See Cases Nos. 9,547 and 9,548.

---

## Case No. 3,335.
CRAIG et al. v. POLLOCK. SAME v. CONES. SAME v. CAMPBELL. CRAIG v. POLLOCK et al.

[5 Dill. 449.][1]

Circuit Court, D. Nebraska. 1879.

REMEDY IN EQUITY AGAINST ILLEGAL TAXATION— REVENUE LAWS OF NEBRASKA.

A court of equity will not cancel a tax-deed where there has been no fraud practiced against the owner of the land, and no substantial injustice done to him, but will ordinarily leave him to his rights and remedies at law; and, therefore, where it appears that the land was taxable, that it had been assessed or valued on oath by the proper officer, and that the taxes had never been paid by the owner, the court will not decree a cancellation of the tax-sale certificates or tax-deeds at the instance of the owner for mere irregularities, especially where the owner makes no offer to pay the amount of taxes justly and equitably due.

Bills in equity [by Craig & Clark against J. W. Pollock, and against Cones and against Campbell, and also by Walter Craig against Pollock & Cones] to cancel tax-sale certificates held by the respective defendants. The bills make no tender of any taxes, but proceed upon the ground that the tax certificates held by the defendants are wholly void, and that the plaintiffs are entitled to a decree

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

---

annulling them and quieting their title. The defendants answer, admitting that they purchased said lands for taxes and obtained tax-sale certificates, and subsequently tax-deeds, and insist that the sales, certificates, and deeds are regular and valid. The plaintiffs except to the answers for insufficiency, and insist that the facts averred therein, and the exhibits thereto, do not show any title or right in the defendants. On these exceptions the cases were submitted to the court.

The revenue laws of Nebraska provide, in substance, as follows:

"A certificate of purchase is presumptive evidence of the regularity of all prior proceedings." Laws of 1875, § 5, pp. 132, 133.

"And a tax-deed properly made and executed shall be prima facie evidence of the following facts: 1. That the property conveyed was subject to taxation. 2. That the taxes were not paid. 3. That the same had not been redeemed. 4. That the property had been properly listed and assessed. 5. That the taxes were levied according to law. 6. That the property was properly advertised. 7. That the property was sold for taxes, as stated in the deed. 8. That the grantee in the deed was the purchaser. 9. That the sale was properly conducted. 10. That all the prerequisites of the law had been complied with.

"And to defeat said deed, the following must be proved: 1. That the property was not subject to taxation for that year. 2. That the taxes had been paid before sale. 3. That the property was not subject to taxation at date of sale. 4. That the land had never been assessed. 5. That the same had been redeemed.

"No person can question title under tax-deed until he shows that he had title to the land, and that he has paid all the taxes due." Laws of 1875, pp. 95, 96.

Mr. Estabrook, for plaintiffs.
Crawford & McLaughlin, for defendants.

DILLON, Circuit Judge. I have carefully examined the records in these causes, and considered the elaborate printed briefs of the respective counsel. I have no time to give in detail an opinion concerning the many questions argued; nor, in the view I take of the rights of the parties in this suit and form of proceeding, is it necessary to do so.

The bills of complaint do not claim that the property was not subject to taxation for the year in question, or that the taxes thereon were in excess of what were its just and proportionate share of the public burdens; or that the plaintiffs, or any one for them, paid or offered to pay these taxes before the sale, or at any time. But the bills of complaint do claim that the lands in controversy were never assessed for the year for which they were sold to the defendants for the delinquent taxes thereon.

The statutes of Nebraska provide for the

listing of taxable property. Rev. St. 894. The county commissioners are to furnish blanks, etc. Section 5. Shall be listed and valued each year. Section 4. Shall embrace all personal and real property. Section 6. Every inhabitant shall list. Section 13. Shall be signed and sworn to by person making it. Section 8. Shall be valued by the assessor. Section 11. All property must go upon this list; if the owner, or his representative, fails or neglects or refuses to make the list, then the assessor must do it. Sections 9–25. Form of oath by lister. Section 8. Assessors to meet as board of equalization on the first Monday of April. Section 26. This board adjusts the relative value of property among the several precincts, etc.

It seems that the plaintiffs, being non-residents, did not list their property; and it is claimed that the assessor made no list and no valuation of the property on oath; but the assessor alleges the contrary. And the exhibits to the answer show that the assessor made a "return of taxable lands in Stanton precinct, in Stanton county, Nebraska, as assessed for the year 1874," which, as respects the plaintiffs' property, is as follows:

| Owner. | Part of section. | Section. | Town-ship. | Range. | Acres. | Value. |
|---|---|---|---|---|---|---|
| Walter Craig and E. Clark | N. E. ¼ | 1 | 21 | 1 E. | 159 $^{75}/_{100}$ | 479.25 |

And various other tracts owned by the plaintiffs in the same manner.

Another exhibit to the answer shows that the assessor took the required oath (section 12), and in which he states, inter alia, that "I have diligently, and by the best means in my power, endeavored to ascertain the true amount and value of the property" set forth as above in the assessment roll. And a copy of the tax-list for 1874 shows that the property of the plaintiffs was placed thereon by the same description and valuation set forth in the assessment roll.

I am of opinion that the proceedings of the taxing officers to show that the assessor made an assessment or valuation of the plaintiffs' property on oath, and that they are not entitled to a decree as prayed because the assessor, if such was the fact, did not separately value the property in a list by him prepared.

It is urged that the statute requires the oath of the assessor to be attached to the roll, and that in this case the oath, although taken and in due form, not being shown to have been attached to the roll, the whole assessment is void, and hence there is no assessment, and therefore the entire foundation of the levy and of the right to sell for taxes fails. Whatever may be the effect of a failure to attach the oath to the roll, in an action at law, where the parties stand upon their strict legal rights, I am of opinion that such a failure does not per se entitle the owner to the active aid of a court of equity to cancel the tax certificates and deeds.

It is objected to the legality of the tax, that under the head of "value" there is a failure to prefix a $-mark; that the description is uncertain; and that the notice of sale was not sufficient, etc. The first two are technical and unsubstantial—the valuation, or the assessed value, is plain, and the description certain. If the alleged publication of notice of the tax-sale was defective, as claimed, this is no reason for cancelling the certificates and deeds received by the defendants without an offer to pay the amount of taxes justly due from the plaintiffs. Such is the statute of the state, and such the rule of equity as declared alike by the supreme court of Nebraska (Hallenbeck v. Hahn, 2 Neb. 377), by the supreme court of the United States (State Tax Cases, 92 U. S. 575), and generally elsewhere.

Under the revenue laws of Nebraska, especially, it is a sound principle that where the property is taxable, and has been valued by the proper officer on oath, and no fraud or substantial injustice is shown, mere irregularities in the performance of the duties devolved by law on the taxing officials, unaccompanied with an offer to pay the taxes justly chargeable against the plaintiff's property, are insufficient to call into exercise the active and extraordinary powers of a court of equity, either by way of injunction against the tax-sale or by a decree cancelling the title acquired at such sale. In such cases, equity will ordinarily withhold its aid, and leave the parties to their rights and remedies at law.

Exceptions overruled.